IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KENNETH ALIFF,

        Plaintiff,

v.               CIVIL ACTION NO.   2:15-cv-13513

WEST VIRGINIA REGIONAL JAIL AND
CORRECTIONAL FACILITY AUTHORITY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

  Pending before the Court is Plaintiff's Motion to Extend Time Limit for Service ("the Motion").  (ECF No. 21.)   For the reasons discussed herein, that Motion is **DENIED**.

  The Plaintiff filed this action in the Circuit Court of Kanawha County, West Virginia, on August 21, 2015.  On September 28, 2015, Defendants filed a notice of removal with this Court. (ECF No. 1.)   Plaintiff's Motion was filed on December 22, 2015 and seeks an extension of time in which to serve Defendant Daniel Simons, a correctional officer at the West Virginia Regional Jail and Correctional Facility Authority.  The Motion asserts that "Plaintiff has inadvertently failed to obtain service on Defendant Simons within 120 days of filing his action" and concedes that Plaintiff cannot demonstrate good cause justifying the failure of service.  (ECF No. 21, ¶¶ 1– 2.)

1

Federal Rule of Civil Procedure 4(m) provides an outer limit for service upon defendants in federal proceedings. As relevant here, that rule states that:[1]

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In addition, 28 U.S.C. § 1448 provides, in pertinent part, that:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Taken together, these two provisions of federal law combine to give a plaintiff "a 120 day period following filing of a notice of removal in which service may be completed or started anew." *Lawrence v. Henson*, 197 F. Supp. 2d 533, 538 (W.D. Va. 2002). In a removed case, the notice of removal marks a clear delineation between state and federal jurisdiction. *Id*. at 539. Although state law governs the sufficiency of service of process prior to removal, service after removal is governed by federal law alone. *See Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998) (noting that "state law governing service of process (and all other issues) applies before removal, and that federal law applies after removal"). Accordingly, with respect to a defendant in a removed case who was not served before removal, "Rule 4(m)'s 120–day period for service begins to run on the date of removal." *Id*. at 519 (citing *Alber v. Illinois Dep't of Mental Health & Developmental Disabilities*, 786 F. Supp. 1340, 1376 (N.D. Ill. 1992) and 14A

---

[1] The Rule has since been amended to reduce the relevant time period to 90 days. Because that amendment took effect on December 1, 2015, the Court applies the 120-day limit in effect at the time the instant action was removed to federal court.

2

Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1137 at 83 & n.1.1 (Supp. 1998)); *see also Randolph v. Hendry*, 50 F. Supp. 2d 572, 580 ("Ordinarily, Rule 4(m) would require the plaintiff to effect service within 120 days of the filing of the complaint, but in the context of removal, the federal court does not obtain an interest in the action—and cannot therefore dictate the terms of service—until the Notice of Removal is filed." (citing *Alber*, 786 F. Supp. at 1376)).

Thus, the appropriate time period for effecting service on Defendant Simons, who was not served in state proceedings prior to removal, is 120 days from September 28, 2015, the date on which a notice of removal was filed in this action, or January 26, 2016. Accordingly, at the time Plaintiff filed the Motion, he had more than a month of time available to effectuate service on Defendant Simons. More importantly, Plaintiff still has six days remaining from the entry date of this Order to achieve such service. Given Plaintiff's representation that he has knowledge of the identity of Defendant Simons' counsel, (ECF No. 21 ¶ 1), it does not appear that Plaintiff will have difficulty effectuating service before the Rule 4(m) time limit expires. Accordingly, Plaintiff's Motion to extend the applicable time limit for service is **DENIED**.[2]

    **IT IS SO ORDERED**.

---

[2] Plaintiff's argument that Rule 4(m) provides this Court with "discretion" to extend the time for service notwithstanding his inability to show good cause for his failure of service appears to be foreclosed by the decisions of the Fourth Circuit. *See Mendez v. Elliott*, 45 F.3d 75, 78 (4th Cir. 1995) ("Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause."); *Chen v. Mayor & City Council of Baltimore*, 546 F. App'x 187, 188 (4th Cir. 2013) (per curiam) (affirming a decision of the district court, "for the reasons stated by the district court," in which the lower court had acknowledged several arguments against the continuing validity of *Mendez* but ultimately affirmed the authority of that decision and held to the good cause requirement it imposed for extensions of the Rule 4(m) time period). Accordingly, even if Plaintiff did not still have time remaining to serve Defendant Simons, the Court would not likely grant his motion to extend the time period for service beyond that mandated by Rule 4(m) absent a showing of good cause, which Plaintiff concedes he is incapable of demonstrating.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       January 20, 2016

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE